IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHARON HARRISON                                                                                         PLAINTIFF

v.                                                CIVIL ACTION NO. 1:23-CV-25-SA-DAS

HOUCHENS FOOD GROUP, INC.;
JOHN DOES 2-3                                                                 DEFENDANTS

ORDER AND MEMORANDUM OPINION

Before the Court is Sharon Harrison's Motion to Alter or Amend Judgment [49]. The Motion [49] has been fully briefed and is ripe for review. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

On February 10, 2023, Harrison filed her First Amended Complaint [2] in the Circuit Court of Itawamba County, Mississippi. Houchens removed the case to this Court on February 21, 2023, premising jurisdiction on diversity of citizenship.

The First Amended Complaint [2] brought a negligence claim against Houchens Food Group, Inc. and John Does 2-3. More specifically, Harrison alleged that Houchens' negligence caused her to slip and fall at its Food Giant store on May 27, 2021.

On January 12, 2024, Houchens filed a Motion for Summary Judgment [25]. On September 6, 2024, the Court granted Houchens' Motion [25] and dismissed Harrison's claim *with prejudice*, reasoning that there was no evidence regarding the length of time that water was present on the floor and therefore no evidence to create a question of fact as to Houchens' constructive knowledge of the water.

In the present Motion [49], Harrison asserts that the Court should alter its judgment because it "overlooked or misapprehended certain points of law and facts in its ruling." [50] at p. 2. Houchens opposes the Motion [49].

*Legal Standard*

Rule 59(e) governs motions to alter or amend final judgments. *See T.B. by and through Bell v. Northwest Ind. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Id.* (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-64 (5th Cir. 2003)). Rule 59(e) is "an extraordinary remedy that should be applied sparingly." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

*Analysis and Discussion*

In a slip-and-fall case, to show a business owner breached its duty to keep the premises in a reasonably safe condition, "the plaintiff must prove one of three things—(1) that the business owner, through the negligent act of its employees, created the dangerous condition that allegedly caused the fall, or (2) that the business owner, while not creating the condition, did have actual knowledge of it, or (3) that 'the dangerous condition existed for a sufficient amount of time to establish constructive knowledge[.]'" *Dolgencorp, LLC v. Payton*, 366 So.3d 838, 842 (Miss. 2023) (quoting *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992). In its Order and Memorandum Opinion [46], the Court found that that there was no evidence demonstrating that Houchens created a dangerous condition or had actual knowledge of a dangerous condition. Harrison does not challenge those findings in her Motion [49]. Instead, Harrison contends that the record contained evidence of constructive knowledge.

"Constructive knowledge is established where the condition is shown to have existed for such a length of time that the operator, through the exercise of reasonable care, should have known

of its existence." *Hearn v. Square Prop. Inv., Inc.*, 297 So. 3d 292, 296 (Miss. Ct. App. 2020) (quoting *Haggard v. Wal-Mart Stores, Inc.*, 75 So.23d 1120, 1125 (Miss. Ct. App. 2011)). "The plaintiff must present *specific* proof as to the relevant actual length of time." *Id.* (quoting *Haggard*, 75 So. 3d at 1126) (emphasis added). Relying on *Ducksworth v. Wal-Mart Stores, Inc.*, 832 So. 2d 1260 (Miss. Ct. App. 2002), Harrison argues that the Court should alter its judgment because "there is evidence that the substance had been on the floor for a substantial period of time as there were shopping cart tracks and other marks around and through the substance[.]" [50] at p. 3. In *Ducksworth*, a slip-and-fall plaintiff produced a photograph of the puddle in which she slipped that showed the puddle was both dirty and contained footprints and shopping-cart tracks. 832 So. 2d at 1262. The Mississippi Court of Appeals found that the condition of the puddle in the photograph created a question of fact as to how long the puddle had been on the floor. *Id.* As the Court explained in its Order and Memorandum Opinion [46], this case is distinguishable from *Ducksworth* in that there are no photographs (or other evidence) showing *dirty* tracks marks where Harrison fell.

Moreover, as the Court further explained in its Order and Memorandum Opinion [46], the case *sub judice* more so resembles *Hearn v. Square Prop. Inv., Inc.*, 297 So. 3d 292, 296 (Miss. Ct. App. 2020). In *Hearn*, the slip-and-fall plaintiff testified that the puddle in which she slipped had track marks and footprints in it, but she admitted that she did not know how long the puddle had been on the floor. *Id.* The Mississippi Court of Appeals found that Hearn's deposition testimony showed that the puddle existed but gave no indication as to "actual length of time" that it existed, preventing her from demonstrating that the store had constructive knowledge of the puddle. *Id.* Similarly here, at her deposition, Harrison testified that she saw track marks on the floor, but her testimony provided no indication of how long the water or track marks were on the

3

floor. *See* [30], Ex. 2 at p. 4, 7. She likewise provided no other summary judgment type evidence on that point. Therefore, as the Court previously determined, Harrison cannot establish that the water was on the floor for such a length of time that Houchens should have known about it.

Additionally, relying on *Thomas v. Boyd Biloxi, LLC*, 360 So.3d 204 (Miss. 2023), Harrison seems to argue that the Court did not view the evidence in the light most favorable to her as the non-movant. In *Thomas*, several witnesses to the plaintiff's fall testified to the presence of water in the area where the plaintiff fell. *Id.* at 211. However, the Mississippi Court of Appeals disregarded the testimony, finding that it was so "blatantly contradicted" by the surveillance footage that "no reasonable jury could believe it." *Id.* The Mississippi Supreme Court found that the Court of Appeals erred by discounting the witnesses' testimony because a reasonable jury could infer that the discolored area around the plaintiff in the video was water. *Id.* Harrison asserts that "[t]he evidence in this case shows the Plaintiff lying on the floor after slipping and falling due to a substance on the ground; as in *Thomas*, that substance could be viewed by a reasonable jury as the cause of the fall[.]" [50] at p. 2 (emphasis in original). This argument misses the mark. In its Order and Memorandum Opinion [46], the Court did not disregard Harrison's testimony regarding water and track marks on the floor. Instead, summary judgment was granted because none of the evidence provided indicated how long the water had been on the floor.[1] As such, Harrison was unable to create a question of fact as to constructive knowledge.

---

[1] In her Reply [53], Harrison notes that "circumstantial evidence may be used to prove the length of time a dangerous condition has existed, so long as it 'creates a legitimate inference that places it beyond conjecture.'" [53] at p. 1 (quoting *Evans v. Aydha*, 189 So.3d 1225, 1230 (Miss. Ct. App. 2016)) (emphasis in original). Harrison points to no circumstantial evidence from which a jury can infer that the water was on the floor for such a length of time as to give Houchens constructive notice.

Harrison's Motion [49] fails to present newly discovered evidence, identify manifest errors of law or fact, or raise arguments that could not have been raised prior to judgment. As such, the Motion [49] presents no cognizable basis for relief under Rule 59(e).

*Conclusion*

For the reasons set forth above, Harrison's Motion to Alter or Amend Judgment [49] is DENIED. This CASE remains CLOSED.

SO ORDERED, this the 10th day of December, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE